ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL -1  PM 12:45

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RUDOLPH P. MOORE ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| vs. ) | CIVIL ACTION FILE NO. |
| ) | |
| CREDITORS INTERCHANGE ) | CV105-098 |
| AGENCY, LLC and SHERMAN ) | |
| ACQUISITION, LP ) | |
| ) | |
| DEFENDANTS ) | |

## COMPLAINT- CLASS ACTION

COMES NOW Plaintiff, RUDOLPH P. MOORE, ("Plaintiff") and files this his Complaint against the above named Defendants and shows the Court the following:

### PARTIES

1.  Plaintiff is a resident of Richmond County, Georgia, residing at 4515 Ridge Run Drive, Hephzibah, Georgia, 30815. He is a "Consumer" within the meaning of 15 U.S.C. § 1692a.

2.  Defendant Creditors Interchange Agency, LLC ("Interchange") is a limited liability corporation organized under the laws of Delaware. Said Defendant is authorized to transact and does transact business in the State of Georgia. Said Defendant may be served by serving its registered agent for service of process, Lexisnexis Document Solutions, 40 Technology Parkway South, Norcross, Georgia, 30092. Defendant Interchange is a debt collector within the meaning of 15 U.S.C. § 1692a.

3. Defendant Sherman Acquisition, LP ("Sherman") is a limited partnership organized under the laws of Delaware. Said Defendant transacts business in the Southern District of Georgia. Defendant Sherman is a debt collector within the meaning of 15 U.S.C. § 1692a.

## JURISDICTION

4. This Court has jurisdiction over this matter under 15 U.S.C. §1692k and 28 U.S.C. §1331.

## VENUE

5. Venue is proper in this Court as all Defendants reside in the Southern District of Georgia within the meaning of 28 U.S.C. § 1391.

## CLAIMS OF THE NAMED PLAINTIFF

6. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 5 as if set forth fully herein.

7. Sometime in or around 2000 or 2001, Plaintiff reached an agreement with Corporate Receivables, Inc. over a disputed consumer credit account with Rhodes Furniture that had been placed for collection.

8. As part of said agreement Plaintiff agreed to pay $532.02 down on the outstanding debt and thereafter to pay $100.00 per month on the remaining balance.

9. Plaintiff fulfilled his duties under the terms of said agreement, and as of March 9, 2005 Plaintiff had paid the balance down to $1,242.20, as shown on the March 9, 2005 account statement from Corporate Receivables, Inc., a copy of which is attached hereto as Exhibit A.

10. Sometime between March 9, 2005, and April 22, 2005, Corporate Receivables, Inc. transferred and assigned Plaintiff's consumer credit account to Defendant Sherman.

11. Sometime between March 9, 2005, and April 22, 2005, Sherman placed Plaintiff's account for collection with Defendant Interchange.

12. At the time of said placement the amount Plaintiff owed on his consumer credit account was less than $1,500.

13. On or about April 22, 2005, Defendant Interchange sent a collection letter to Plaintiff, a copy of which is attached hereto as Exhibit B. Through said collection letter Defendant Interchange falsely represented Plaintiff's current balance on his consumer account to be $6,725.00 and wrongfully failed to acknowledge Plaintiff's existing agreement with Corporate Receivables, Inc. to pay $100/month.

14. At all times relevant herein, Defendant Interchange was acting as the authorized agent for Defendant Sherman.

15. Plaintiff notified Interchange's agent named "Celeste" by letter dated June 22, 2005 that its collection letter showed Plaintiff's balance incorrectly and asked for an explanation for the false representation on the April 22 collection letter. A copy of said letter is attached as Exhibit C. Interchange did not respond to said inquiry.

16. Defendants Interchange and Sherman violated 15 U.S.C.A. § 1692e by falsely representing the amount owed on Plaintiff's consumer account.

3

## CLASS ACTION ALLEGATIONS

17.     Pursuant to Federal Rule of Civil Procedure 23(b) (3) and LR 23.1, Plaintiff brings this action on his own behalf and on behalf of a class of individuals who meet the following criteria:

   a.   Individuals who had their consumer credit accounts placed for collection with Corporate Receivables, Inc.; and

   b.   Individuals whose consumer credit accounts with Corporate Receivables, Inc., were thereafter acquired by Defendant Sherman; and

   c.   Individuals whose consumer credit account balances were thereafter falsely represented to them by Defendant Interchange and/or Defendant Sherman within one year from the date of the filing of this complaint.

18.     Defendants routinely and systematically overstate the outstanding balance on consumer credit accounts that they acquire and collect.

19.     Although Plaintiff does not at this time know the exact size of the class since such information is in the exclusive possession, custody and control of Defendants, Plaintiff believes that the members of the class number in the hundreds and are geographically disbursed throughout Georgia and perhaps elsewhere.  As a result, the class is so numerous that joinder of all members is impractical.

20.     The claims of the named Plaintiff are typical of the claims of the class. The named Plaintiff and his undersigned counsel are capable of and willing to represent the members of the class fairly and adequately.

21.     The questions of law and fact common to the class members predominate over any questions affecting only individual members.  A class action is superior to the

4

other available methods for the fair and efficient adjudication of this controversy. Common questions of law or fact include, but are not limited to, the following:

    a.    Whether the remaining balances on class members' consumer credit accounts were stated correctly when those accounts were transferred and assigned from Corporate Receivables, Inc., to Defendant Sherman; and

    b.    Whether Defendant Sherman and/or Defendant Interchange falsely represent the amount due on consumer credit accounts they acquire from Corporate Receivables, Inc.

22.    The members of the class will likely have little interest in individually controlling the prosecution of separate actions. Instead, the individual class members' interest is in the efficient and timely determination that Defendants have systematically and falsely represented the remaining balances owed on their consumer credit accounts.

23.    Plaintiff is unaware of any litigation already commenced by or against members of the class.

24.    Concentrating the litigation of all class members' claims in this forum will expedite a speedy and uniform determination of this dispute.

25.    Little difficulty should be encountered in the management of this class action. All that is required is a comparison of the remaining balances shown on the last statement from Corporate Receivables, Inc., at the time of transfer with the balances shown thereafter on billing statements and/or collection letters sent by Defendants.

## STATUTORY DAMAGES

26.    Plaintiff and the members of the class are entitled to recover statutory damages of $1,000 per class member pursuant to 15 U.S.C. § 1692k.

## COSTS OF LITIGATION AND ATTORNEY FEES

27. Plaintiff and the members of the class are also entitled to recover their litigation expenses and other costs of litigation, including reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

## REQUEST FOR TRIAL BY JURY

28. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendant for statutory damages under 15 USC § 1692 K, for attorney fees and costs of litigation and for such other and further relief as the circumstances require.

This 1st day of July, 2005.

*(signature)*
Harry D. Revell
State Bar No. 601331
Attorney for Plaintiff

Nicholson Revell LLP
Gateway Professional Center
4137 Columbia Road
Augusta, Georgia 30907
(706) 722-8784 Phone
(706) 722-6495 Fax

*(signature)*
J. Taylor Anderson, III
State Bar No. 141458
Attorney for Plaintiff